# IN THE COURT OF APPEALS OF IOWA

No. 15-0116
Filed March 25, 2015

**IN THE INTEREST OF A.H.,**
    **Minor Child,**

**S.P., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Rachel Seymour, District Associate Judge.


    A mother appeals from the juvenile court order adjudicating her child in need of assistance. **AFFIRMED IN PART AND REVERSED IN PART.**


    Matthew G. Sease of Kemp & Sease, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, John P. Sarcone, County Attorney, and Jennifer Galloway, Assistant County Attorney, for appellee.

    Todd Babich of Babich Goldman, P.C., for father.

    Erin Mayfield of Youth Law Center, attorney and guardian ad litem for minor child.


    Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

A mother appeals from a juvenile court order adjudicating her child, A.H., in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2013). She contends the State failed to prove the grounds for adjudication by clear and convincing evidence. We reverse the adjudication under section 232.2(6)(n) and affirm under section 232.2(6)(c)(2).

I.  **BACKGROUND FACTS & PROCEEDINGS.**

The mother was previously involved in a child-in-need-of-assistance (CINA) case involving two older children, B.C. and E.P. That case was opened in February 2012; the children were removed due to a domestic violence incident in which the mother assaulted the older children's father. The court terminated the mother's parental rights to the children in March 2014, citing the mother's substance abuse issues with methamphetamine, domestic violence issues, and her inability or unwillingness to make the necessary changes to have the children returned to her care.

The mother was arrested in February 2014 and remained in custody until April. In April, she entered inpatient substance abuse treatment at MECCA. She completed inpatient treatment successfully and entered a half-way house program at Bernie Lorenz. She completed that program successfully in August 2014. The mother was scheduled to complete ten weeks of aftercare services on an outpatient basis but attended only two of ten sessions.

The child in interest in this case, A.H., was born October 2014, removed from the mother's care two days after birth, and placed with the maternal

grandparents. The DHS alleged the mother had used illegal substances while pregnant, but the cord blood test was negative for drugs. The State filed a petition to adjudicate A.H. a CINA under Iowa Code section 232.2(6)(b), (c)(2), and (n). Following a contested hearing, the court adjudicated A.H. a CINA pursuant to section 232.2(6)(c)(2) and (n), but dismissed the petition as to section 232.2(6)(b). The court found the follow facts supported its conclusion:

> Mother has previously had services through two older children [B.C.] and [A.P., children to whom the mother previously lost parental rights]. [The caseworker assigned to the previous case] indicated that Mother never participated in services during that case, and in fact, she reported intravenous[] drug use in December of 2012, towards the end of the case. During that case, Mother had the opportunity of residential programming at House of Mercy and Beacon of Life but neither program was successful in resolving Mother's substance abuse issues. Mother reported to FSRP provider she had participated in domestic violence classes, but she never provided verification. Mother's parental rights were terminated to those children in February of 2014, due to her inability to maintain sobriety. Regarding this child, the DHS worker testified Mother failed to follow through with aftercare services just prior to the child's birth. While Mother testified she was not able to go due to her pregnancy, she continued to work during that same time. Father is currently in a residential program called Bridges to address his unresolved substance abuse issues . . . . Father has been in a relationship with Mother for an extended period of time. On his weekend[] passes he returns to an apartment he shares with Mother. Ultimately, the DHS worker testified that given the child's age, her inability to self-protect, parent's history of substance abuse issues, and their history of domestic violence she believes this child is in need of the Court's protection. The Court agrees and finds this child is inherently at risk due to the parent's recent history of substance abuse and domestic violence . . . . Neither parent has shown the ability to meet their older children's needs and has not shown an ability to maintain sobriety.

In its disposition order, which it filed at the same time as the adjudication order, the court awarded the mother temporary legal custody of A.H. as long as the

mother resided with the maternal grandparents. The mother appeals the adjudication.

## II. STANDARD OF REVIEW.

We review CINA proceedings de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* "Our primary concern is the children's best interests." *Id.* "CINA determinations must be a based upon clear and convincing evidence." *Id.*

## III. ANALYSIS.

On appeal, the mother contends the State failed to prove the grounds for adjudication by clear and convincing evidence. She argues she has been sober for ten months and the current adjudication is based on factors influencing the previous termination proceedings that no longer exist. The court adjudicated A.H. in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) and (n).

At the adjudication hearing, the DHS worker testified that A.H. should be adjudicated in need of assistance for the following reasons: "The mother's prior drug history, her inability to maintain sobriety outside of [a] structured setting and treatment, [and] the lack of follow through in the past." However, the worker admitted her recommendation was based entirely on her past interactions with the mother through the previous CINA case, rather than the current case. She also testified she was unaware of any harm the mother had done to the child since she was born. The FSRP worker described the mother as a loving, nurturing, and capable parent. The case progress reports continually state there

are no concerns regarding the mother's ability to parent appropriately. The DHS worker also testified there was no concern about the mother using illegal substances since the case was opened.

At the time of adjudication hearing, the mother had completed inpatient substance abuse treatment through MECCA. She completed an aftercare half-way house program at Bernie Lorenz and was engaged in therapy and Narcotics Anonymous (NA). She was working through the twelve steps program and attending NA meetings. She had a sponsor who was also her employer. She was renting a home, had a car, and was employed. She had completed a domestic violence class. She testified she would be graduating from her relapse prevention class the following week.

She admitted that she had not utilized services during the previous CINA case because she had an active addiction. She admitted she did not complete the ten-session aftercare ordered. She also admitted to using methamphetamine during her first month of pregnancy with A.H. when she was unaware she was pregnant. She stated she had been sober since February 2014. She further acknowledged the importance of drug testing, treatment, and therapy in her life to prevent relapse. Although she admitted her pregnancy with A.H. was a major reason for getting sober, she testified she could remain sober without external motivation:

> I've gained a lot of insight these last nine months of being sober, I'm employed, I have a sponsor, I'm working with a sponsor, therapy, I've built up a lot. I have a home, I'm self-sufficient. I don't want to lose that. I don't want everything that I've worked so hard for to go down the drain, and it's not worth it. And I made that decision to not use, that's what I'm going to do.

The mother also agreed that A.H. would be at risk of harm if she relapsed. She acknowledged relapse was a possibility but insisted she had made the decision not to use and had a treatment plan in place. She also stated that she was engaged to the father and would be residing with him.

The DHS worker was concerned about the mother's plan to live with the father, although she found the home itself was safe and appropriate. The father has an extensive drug and criminal history. She testified the father was addressing his substance abuse issues, but had previously been unable to remain sober outside the structure of a program. He had been actively using methamphetamine until April 2014. He entered an inpatient treatment program in April 2014 and gave over forty clean drug screens while he participated. At the time of the adjudication hearing, the father was attending residential substance abuse treatment. He planned to be discharged at the end of December and move in with the mother. The father simultaneously was involved in another CINA case, opened August 2013, regarding his child with a different mother. That case was proceeding to a termination hearing around the same time as A.H.'s adjudication hearing. However, in the case progress reports, the FSRP worker found him to be a loving and competent parent.

Iowa Code section 232.2(n) provides a child in need of assistance is one whose parent's "mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care." The record does not support adjudication on this ground. The child was removed from the mother two days after birth. There is no evidence that the child did not receive adequate

care during this time. There is also no evidence of either the mother or father using illegal substances at the time of birth. Although the mother admitted to using methamphetamine before she knew she was pregnant, the cord blood test was negative. We reverse adjudication under section 232.2.(6)(n).

Iowa Code section 232.2(6)(c)(2) provides a child in need of assistance is one whose parent "has physically abused or neglected the child, or is imminently likely to abuse or neglect the child." Preliminarily, there is no evidence the parents have physically abused or neglected the child. We assess only whether the evidence supports a conclusion that the parents are *imminently likely* to abuse or neglect the child.

At the time of the adjudication hearing, the father was in a residential drug treatment and therapy program. He admitted to being an active drug user until April 2014, thus his sobriety is relatively recent. He has a long history of drug use and relapses as well as a long criminal history. The DHS worker testified this is the longest period of sobriety the father has achieved since he has been involved with DHS and he has not been able to stay sober without the structure of a treatment program. At the time of the adjudication hearing, he was the father in another open CINA case on the eve of a termination hearing. He had been involved in services to address his drug addiction since that child was removed in August 2013.

He and the mother have a long history of using drugs together and making poor decisions as a result of being impaired, including domestic violence. Yet he plans to live with the mother when he is discharged from his treatment program.

We agree with the juvenile court that the father's sobriety in particular is of such recent vintage as to still pose a risk of imminent harm to A.H. without court and DHS supervision. Clear and convincing evidence supports this conclusion. A.H. is very young, barely three months old at the time of adjudication, and she is unable to self-protect if either one or both her parents relapse into drug use. Therefore, we affirm adjudication under Iowa Code section 232.2(6)(c)(2).

We note that the mother has made good progress toward reunifying with A.H. and we applaud her efforts. However, adjudication references the child and not the individual parent. Adjudication will give both parents more time to demonstrate they have overcome their addictions and domestic violence issues and are fully ready to parent A.H. without court and DHS supervision.

## IV.    CONCLUSION.

We reverse adjudication under Iowa Code section 232.2(6)(n) and affirm under section 232.2(6)(c)(2).

**AFFIRMED IN PART AND REVERSED IN PART.**